1
2
3
4                          UNITED STATES DISTRICT COURT
5                         NORTHERN DISTRICT OF CALIFORNIA
6
7   AYMAN ADEEB,                                Case No.  25-cv-04062-PCP
8                          Plaintiff,
                                                **ORDER GRANTING DEFENDANTS'**
9            v.                                  **MOTION TO DISMISS**
10  CITY OF MARINA, et al.,                     Re: Dkt. No. 20
11                         Defendants.

12          Plaintiff Dr. Ayman Adeeb alleges that defendants City of Marina and Marina officials

13  retaliated and discriminated against him for filing public records requests. Adeeb alleges that

14  defendants issued various fines and citations against three of his Marina properties and, in so

15  doing, violated federal and state laws. Defendants move to dismiss for failure to state a claim,

16  citing various immunities, exhaustion requirements, or substantive law. For the reasons stated

17  below, defendants' motion to dismiss is granted with leave to amend.

18                                     **BACKGROUND**

19          Adeeb is a contractor and dentist who owns or is the trustee of four properties in Marina,

20  California.[1] Adeeb alleges that he "has been the subject of a coordinated and escalating pattern of

21  retaliation and discrimination by" the City of Marina and its agents. In 2023 and 2024, Dr. Adeeb

22  says that he raised concerns over the City of Marina's "discriminatory and unequal code

23  enforcement practices."

24          On January 24, 2025, Adeeb submitted a California Privacy Rights Act (CPRA) request

25  "seeking internal communications and inspection records related to enforcement actions on his

26
27  ───────────────

28  [1] The Court assumes the truth of the allegations in the first amended complaint for the purposes of
    defendants' Rule 12(b)(6) motion.

United States District Court
Northern District of California

1   properties." Three days later, "the City issued an Unsafe to Occupy notice for Units A and B at

2   327 Reservation Rd[.]," one of Adeeb's properties. Adeeb received more citations in the weeks

3   thereafter, including "reinspection fees exceeding $118,000." In February 2025, Adeeb's 235

4   Reindollar Avenue property was "red-tagged … for a bathroom/kitchen violation …." Adeeb says

5   that the city's "retaliatory enforcement" hurt him by forcing tenants to vacate, cancelling

6   construction plans, and causing a consequent loss of business income as well as stress to Manal

7   Mansour, Adeeb's mother and co-owner of properties.

8       Adeeb originally filed suit in Monterey County Superior Court, and defendants

9   subsequently removed the matter to this Court. In his first amended complaint, Adeeb alleges

10  twenty causes of action:

- First Amendment retaliation in violation of federal and state law (Counts 1, 6, 21)
- Violation of his equal protection rights under federal and state law (Counts 2, 9)
- Violation of his due process rights under federal and state law (Counts 3, 8)
- Unfair competition in violation of state law (Count 11)
- Intentional infliction of emotional distress in violation of state law (Counts 13, 17)
- Excessive fines and taking under federal and state law (Counts 5, 16)
- Civil conspiracy to violate his federal civil rights (Counts 7, 18)
- Violation of the California Public Records Act (Count 4)
- Discrimination in violation of the federal Fair Housing Act (Count 20)
- *Monell* liability as to the City (Counts 10, 12, 15, and 19)[2]

Defendants now move to dismiss Dr. Adeeb's complaint for failure to state a claim.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." If the complaint does not, the defendant may move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable

---

[2] Dr. Adeeb did not list a fourteenth cause of action.

United States District Court
Northern District of California

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Where a plaintiff proceeds pro se, the Court "must construe the pleadings liberally and must afford the plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

## ANALYSIS

Defendants move to dismiss Adeeb's claims on several grounds, which the Court will address in turn.

## I.    Municipal Liability as to the City of Marina

A plaintiff seeking to sue a municipality under 42 U.S.C. § 1983 must allege that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). A plaintiff must show that the municipality's agents caused an injury resulting from the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy …." *Id.* While a plaintiff does not need to allege that a municipality *compelled* the conduct

1    at issue, the plaintiff must show that the municipality had a policy that the conduct was

2    "acceptable." *See Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013).

3         Adeeb alleges that he received citations soon after filing CRPA requests relating to the

4    City's enforcement of its property code. Adeeb's allegations include that he received an "Unsafe

5    to Occupy notice" for two units at 327 Reservation Road three days after submitting a CRPA

6    request in January 2025. The next month, he allegedly received a red tag "at 235 Reindollar Ave

7    for a bathroom/kitchen violation that had been approved and inspected in 2022 by Fire Chief

8    Daniel Polina." Adeeb alleges conclusorily that City officials engaged in a harassment "campaign"

9    that "was not isolated … [but] coordinated across departments—Code Enforcement, Building,

10   Planning, and Fire …."

11        The problem is that Dr. Adeeb does not allege facts that makes it plausible that his harms

12   occurred because of a "policy statement, ordinance, regulation, or decision officially adopted and

13   promulgated by" the City. *Monell*, 436 U.S. at 690. Adeeb does not allege facts establishing that

14   the City itself, as opposed to specific City employees or agents, harmed him. Granted, he alleges

15   that the "City's actions were not isolated or rogue." But Adeeb does not point to "any particular

16   City policy," *Shelton*, 728 F.3d at 1097, or include "sufficient allegations of underlying facts"

17   regarding the City's responsibility for the conduct of its agents. *Starr v. Baca*, 652 F.3d 1202,

18   1216 (9th Cir. 2011).

19        Adeeb argues that he has adequately alleged municipal liability because he has alleged "a

20   coordinated effort by multiple City departments and officials."  But he must include factual

21   allegations plausibly establishing that the actions of those officials were the result of a policy

22   adopted or ratified by the City. Adeeb also says that "a high-ranking City official explicitly

23   instructed others to '*turn up the heat on [Plaintiff]*' in direct response to Plaintiff's public records

24   request and complaints," citing to Exhibit B of his amended complaint.  But Exhibit B does not

25   include that language and instead appears to be the City of Marina's February 25, 2025, Notice &

26   Order to Abate Nuisance.

27        Adeeb also pleads supervisory liability as to the City. Supervisors can be liable for the

28

United States District Court
Northern District of California

1   actions of their employees in § 1983 suits but not if they had "mere awareness" of a violation. *See*

2   *id.* at 1206. A supervisor is liable for their employee's actions "if the supervisor participated in or

3   directed the violations[] or knew of the violations … and failed to act to prevent them." *Vazquez v.*

4   *County of Kern*, 949 F.3d 1153, 1166 (9th Cir. 2020) (quoting *Preschooler II v. Clark Cnty. Sch.*

5   *Bd. of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007)) (cleaned up). Adeeb has not alleged that the

6   City or its supervisors were even aware of a violation aside from "receiving multiple CPRA

7   requests, public objections, and formal discrimination appeals …." Nor has he pleaded that any

8   City supervisors knew of violations of law "and failed to act to prevent them." *Id.*

9       Because Adeeb has failed to adequately allege that his alleged harm came from a policy of

10   the City of Marina, the Court dismisses with leave to amend the § 1983 causes of action against

11   the City: Counts 1, 2, 3, 5, 6, 8, 9, 10, 12, 15, 16, 19, and 21.

## II.   Federal Claims

### A.  First Amendment – Retaliation (Counts 1, 6, 21)

14       To plead a First Amendment retaliation claim, Adeeb must plead that: "(1) he was

15   'engaged in a constitutionally protected activity'; (2) the [state] officer's actions 'would chill a

16   person of ordinary firmness from continuing to engage in the protected activity'; and (3) 'the

17   protected activity was a substantial or motivating factor' in the [state] officer's conduct." *Cheairs*

18   *v. City of Seattle*, 145 F.4th 1233, 1246 (9th Cir. 2025) (quoting *Index Newspapers LLC v. U.S.*

19   *Marshals Serv.*, 977 F.3d 817, 827 (9th Cir. 2020)).

20       Adeeb has not adequately alleged the third factor, that his CPRA requests were "a

21   substantial or motivating factor" in the defendants' conduct. *Id.* Adeeb comes closest to making

22   plausible the inference that the defendants retaliated against him for filing his CPRA request by

23   describing the "sequence and timing of these retaliatory actions." Specifically, Adeeb alleges that

24   the "unsafe occupancy declaration at 327 Reservation Rd was issued on January 27, 2025, only

25   three days after Plaintiff submitted his CPRA request on January 24, 2025 (Exhibit 11)." But

26   Exhibit 11 does not appear in Adeeb's amended complaint nor among his attached exhibits.[3]

---

[3] Exhibit K, the eleventh letter of the alphabet, does not establish any temporal proximity between

United States District Court
Northern District of California

1    Exhibit *E* does provide more factual context for a January 28, 2025, notice of violation for 327

2    Reservation Road as well as additional correspondence warning Adeeb of violations *before* he

3    filed his CPRA request on January 24, 2025. Given that Adeeb was notified of the City's concerns

4    about violations at the Reservation Road property before he submitted his CPRA request, his

5    claim that the January 2025 citation for that property was issued in retaliation for his submission

6    of the request is not plausible.

7        Adeeb also alleges that the "retaliatory campaign also included red-tagging 235 Reindollar

8    Ave for an alleged bathroom and kitchen violation, despite the property passing prior inspection in

9    2022 by Fire Chief Daniel Polina and receiving no notice of violation for two years (Exhibit AE)."

10   But Exhibit AE has no content; the cover page says, "exhibit AE," but is only that page. Exhibit

11   D, however, contains a screenshot of an April 6, 2022, email from the City of Marina's Daniel

12   Paolini listing 12 code violations at Dr. Adeeb's 235 Reindollar Avenue tenant space. Once again,

13   the fact that Adeeb was notified of the City's concerns regarding that property several years before

14   he submitted his CPRA request precludes the Court from finding plausible his allegation that the

15   red-tagging was retaliatory.

16       Adeeb lists several other enforcement actions by defendants as evidence of a "Pattern of

17   Retaliation and Unequal Enforcement," including rescinding prior plan approvals, refusing to

18   approve plans, rejecting engineering reports, purportedly "issu[ing] inconsistent notices," and

19   "falsely cit[ing] unrelated property." But Adeeb does not plead facts that plausibly support the

20   conclusion that his CPRA requests were a "substantial or motivating factor" in defendants'

21   conduct. *Cheairs*, 145 F.4th at 1246.

22       Because he has not plausibly alleged that the defendants' actions were taken in response to

23   his CPRA requests, Adeeb's First Amendment retaliation claims are dismissed with leave to

24   amend. In amending his complaint, Dr. Adeeb should allege more cogently how he was retaliated

25   against and which non-conclusory facts support his claim of retaliation.

26

27   _____

28   Dr. Adeeb's CPRA request and his 327 Reservation Road unsafe occupancy notice.

United States District Court
Northern District of California

United States District Court
Northern District of California

**B. Due Process (Counts 3 and 8)**

### 1.     Substantive Due Process

Adeeb alleges defendants violated his substantive due process rights under the Fifth and Fourteenth Amendments. A plaintiff suing for a substantive due process violation must show that the state action was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (quoting *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926)), *overruled in part on other grounds as recognized by Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086 (9th Cir. 2007). But "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The Ninth Circuit applied this principle in *Patel*, concluding that plaintiffs challenging the City of San Bernardino's closure of their motel and refusal to give them permits to cure code violations could not pursue a substantive due process claim because the challenged conduct was "explicitly limited by the Takings Clause of the Fifth Amendment." 103 F.3d at 874.

Here, Adeeb's substantive due process causes of action have two flaws. First, under the Ninth Circuit's decision in *Patel*, Adeeb cannot challenge the City of Marina's property code violation citations through a substantive due process claim because the challenged conduct is more "explicitly limited by the Takings Clause of the Fifth Amendment." *Id.* Second, Adeeb has not adequately alleged that the City of Marina's actions were "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Euclid*, 272 U.S. at 395. The City of Marina's housing and building codes provide for the safety of its residents and enforcing that code advances residents' safety. Crucially, Adeeb does not allege that the properties at issue did not exhibit the code violations identified in the City's notices.

Because Adeeb has not plausibly alleged a violation of his federal substantive due process rights, the Court dismisses with leave to amend the federal causes of action in Counts 3 and 8.

## 2.    Procedural Due Process

Dr. Adeeb also alleges that defendants violated his right to procedural due process under the Fifth and Fourteenth Amendments to the U.S. Constitution. In relevant part, the Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A claim that a state actor violated one's procedural due process rights requires "(1) a protected property interest; (2) a deprivation of that interest by state action; and (3) inadequate process for the deprivation." *Garza v. Woods*, 150 F.4th 1118, 1127 (9th Cir. 2025).

Even assuming that Adeeb alleges "(1) a protected property interest" and "(2) a deprivation of that interest by state action," he has failed to adequately allege that he received "(3) inadequate process for the deprivation." *Id.* Adequate process due under the Due Process Clauses of the Fifth and Fourteenth Amendments means "that individuals whose property interests are at stake are entitled to 'notice and an opportunity to be heard.'" *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (quoting *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48 (1993)). Here, Adeeb received notice and an opportunity to be heard. His attached exhibits indicate that he received notice, sometimes on multiple occasions, as to the violations at the 327 Reservation Road property (Exhibit C); his 235 Reindollar Avenue property (Exhibit D); his 215 Hillcrest Avenue property (Exhibits 6, N); and his 470 Reservation Road property (Exhibit A). And Adeeb had an opportunity to contest the City's conclusions through the City's administrative appeals procedure. *See* Marina Municipal Code 8.70.100 (providing for administrative appeals of nuisance determinations).

Adeeb's opposition relies upon *Mathews v. Eldridge*, 424 U.S. 319 (1976), to assert that he has stated a procedural due process claim. But Adeeb misrepresents his own complaint and attached exhibits in analyzing the "risk of erroneous deprivation" because, contrary to his argument, he did receive predeprivation inspections and notices and had the statutory right to appeal the City of Marina's findings. Additionally, the government's interest in safely built structures is not "[m]inimal to nonexistent," as Adeeb argues in his *Mathews* analysis. The City of

Marina has a substantial interest in ensuring that buildings within its territory meet its safety standards and in penalizing violators who consequently pose a risk to public safety. Adeeb's *Mathews* analysis is thus inadequate to establish a procedural due process violation by the City.

Accordingly, Adeeb's federal procedural due process causes of action in Counts 3 and 8 are dismissed with leave to amend.

### C.  Equal Protection (Counts 2 and 9)

The Equal Protection Clause of the Fourteenth Amendment prohibits the government from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A plaintiff suing for a violation of their right to equal protection "must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Sampson v. County of Los Angeles ex rel. L.A. Cnty. Dep't of Child. & Fam. Servs.*, 974 F.3d 1012, 1022 (9th Cir. 2020). A plaintiff bringing an equal protection cause of action can allege that they were in a protected class or a "class of one" meaning that they were "irrationally singled out." *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1122–23 (9th Cir. 2022). Adeeb pleads both that he was discriminated against because of his Middle Eastern ancestry and as a class of one.

Adeeb has failed to plead that defendants discriminated against him "based upon membership in a protected class." *Sampson*, 974 F.3d at 1022. Adeeb has attached exhibits to his amended complaint which show that he accused defendants of disparate treatment because he told defendants that "no enforcement actions have been taken against the property owners [of a neighboring property], who are white, unlike myself, a Middle Eastern professional." But Adeeb has not pleaded any facts that would support the factual inference that, assuming he was treated differently than one nearby property owner, defendants treated him differently "based upon membership in [that] protected class." *Id.* More than a single instance of disparate treatment is required here to make plausible the allegation that he was singled out because of his Middle Eastern ancestry.

To plead a class-of-one equal protection claim, Dr. Adeeb must "allege facts showing that

United States District Court
Northern District of California

9

[he has] been '[1] intentionally [2] treated differently from others similarly situated and that [3] there is no rational basis for the difference in treatment." *SmileDirectClub*, 31 F.4th at 1122–23 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Adeeb's allegations about comparator properties are relevant as to factor [2] because they could show that he is being "treated differently from others similarly situated." *Id.* But whether a class-of-one plaintiff is "similarly situated" to a comparator requires that the comparator be similarly situated "in all material respects." *Id.* at 1123. While Adeeb says that the City "failed to cite or take any action against comparator properties such as 474 Reservation Rd[.]," his allegations regarding those purportedly comparable properties are entirely conclusory. At a motion to dismiss, this Court must disregard "mere conclusory statements" and use "its experience and common sense" to determine "whether a complaint states a plausible claim." *Iqbal*, 556 U.S. at 663–64. In any future filing, Adeeb must plead sufficient non-conclusory facts that allow the Court to infer that the comparator properties are indeed "similarly situated" to his properties "in all material respects." *SmileDirectClub*, 31 F.4th at 1123.

Because Adeeb has failed to allege an equal protection violation under either a protected-class or class-of-one theory, his federal equal protection causes of actions in Counts 2 and 9 are dismissed with leave to amend.

### D.  Fair Housing Act: Discriminatory Enforcement (Count 20)

Adeeb alleges that defendants the City of Marina, Marina Code Enforcement Division, Jessica Edwards, and Erik Nava violated the Fair Housing Act's prohibition on discriminating "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). Adeeb's Fair Housing Act claim thus resembles his protected-class equal protection claim insofar as he must plead that his Middle Eastern ancestry was the reason defendants allegedly discriminated against him. But, as explained above, Adeeb has not pleaded facts that make plausible the inference that the defendants sought to discriminate against him because of his Middle Eastern ancestry. Therefore, Adeeb's Fair Housing

1    Act claim, Count 20, is dismissed with leave to amend.

2    **E.  Excessive Fines and Taking (Counts 5 and 16)**

3        Dr. Adeeb alleges that defendants violated the Fifth, Eighth, and Ninth Amendments to the

4    U.S. Constitution by imposing excessive fines amounting to an unconstitutional regulatory taking.

5    **1.    Excessive Fines**

6        The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive

7    fines imposed, nor cruel and unusual punishments inflicted." The Excessive Fines clause applies

8    to municipal fines. *See Pimentel v. City of Los Angeles*, 974 F.3d 917, 922 (9th Cir. 2020). To

9    evaluate whether a fine is excessive under the Eighth Amendment, the Ninth Circuit has applied

10   the four-factor test from *United States v. Bajakajian*, 524 U.S. 321 (1998). *See also Pimentel*, 974

11   F.3d at 921. "To determine whether a fine is grossly disproportional to the underlying offense,

12   four factors are considered: (1) the nature and extent of the underlying offense; (2) whether the

13   underlying offense related to other illegal activities; (3) whether other penalties may be imposed

14   for the offense; and (4) the extent of the harm caused by the offense." *Pimentel*, 974 F.3d at 921.

15   Here, Adeeb has not shown that the weight of the four factors favors him.

16       As to the first factor, Adeeb's underlying offense includes violations of the City of

17   Marina's building and safety code. Adeeb's offenses included multiple properties, and thus the

18   underlying property code violations, unlike the parking meter violations in *Pimentel*, are not

19   "minor." *Id.* at 923. The first factor thus favors defendants.

20       As to the second, the underlying offense does not appear to relate to other illegal activities.

21   This factor thus slightly favors Adeeb.

22       As to the third, it is unclear whether "other penalties may be imposed for the offense." *Id.*

23   at 921. This factor is thus neutral.

24       As to the fourth factor, "the extent of the harm caused by the offense" is measured as "the

25   monetary harm resulting from the violation" as well as "how the violation erodes the

26   government's purposes for proscribing the conduct." *Id.* at 921, 923. Adeeb's included exhibits

27   detail his failures to maintain his properties in compliance with the applicable codes. Such

28

United States District Court
Northern District of California

1    violations of the building codes directly "erode[] the [City's] purposes for proscribing the

2    conduct." *Id.* at 923. The fourth factor thus favors the City.

3        The weight of the factors thus favors the City. Adeeb has not plausibly pleaded that the

4    City of Marina's enforcement actions violated the Eighth Amendment's Excessive Fines Clause.

5    That claim is thus dismissed with leave to amend.

6            **2.    Takings**

7        The Fifth Amendment prohibits, in relevant part, "private property be[ing] taken for public

8    use, without just compensation." If a government "imposes regulations that restrict an owner's

9    ability to use his own property," then courts use "the flexible test developed in *Penn Central*."

10   *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 148 (2021) (citing *Penn Cent. Transp. Co. v. New*

11   *York City*, 438 U.S. 104, 124 (1978)). The alternative tests for determining whether a regulatory

12   action amounts to an unconstitutional taking do not apply here.[4] The *Penn Central* factors used to

13   determine whether a regulation amounts to a taking are (1) the "economic impact of the

14   regulation," (2) "the extent to which the regulation has interfered with distinct investment-backed

15   expectations," and (3) "the character of the governmental action." *Penn Central*, 438 U.S. at 124.

16   Here, the factors again favor the City of Marina.

17       Assuming that the "economic impact of the regulation" was sizable—Adeeb says that he

18   was fined over $170,000 for infractions across his properties—the other two factors favor the

19   City.[5] The City's enforcement of its municipal code cannot be said to have "interfered with

20   [Adeeb's] distinct investment-backed expectations" because Adeeb owned the properties with the

21

22   _____

23   [4] The other two types of takings are *Loretto* takings wherein the "government requires an owner to
     suffer a permanent physical invasion of her property," *Lingle v. Chevron U.S.A. Inc.*, 544 U.S.

24   528, 538 (2005), and *Lucas* takings, wherein a regulation "completely deprive[s] an owner of '*all*
     economically beneficial us[e]' of her property," *id.* (quoting *Lucas v. South Carolina Coastal*

25   *Council*, 505 U.S. 1003, 1019 (1992)).

     [5] Despite the size of the fine, the first factor may not necessarily favor Adeeb. The first factor
26   requires "compar[ing] the value that has been taken from the property with the value that remains
     in the property." *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 497 (1987).

27   Adeeb does not allege what value remains in the property. If his property values remain high, then
     the City's fines may not be large relative to those values. Because the other two factors favor the

28   City, the Court need not decide whether the first factor favors Adeeb.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    understanding that they would be subject to the City's code. The "character of the governmental

2    action" also favors the City because it enforced a generally applicable law. *See Bridge Aina Le'a,*

3    *LLC v. Land Use Comm'n*, 950 F.3d 610, 636 (9th Cir. 2020). Admittedly, "government action

4    that singles out a landowner from similarly situated landowners raises the specter of a taking." *Id.*

5    But for the reasons noted above, Adeeb has not sufficiently pleaded that the City of Marina

6    singled him out.

7         Because the *Penn Central* factors do not support Adeeb's allegation that the City of

8    Marina's enforcement was an unconstitutional taking, the federal causes of action in Counts 5 and

9    16 are dismissed with leave to amend.

10         **F.  Conspiracy to Interfere with Civil Rights (Counts 7 and 18)**

11         Under 42 U.S.C. §§ 1985(2), (3), victims of conspiracies to obstruct judicial proceedings

12    or to deprive those victims of their rights can sue the conspirators for damages. Here, because

13    Adeeb has failed to state any underlying violation of his federal rights based on defendants'

14    actions, Adeeb's conspiracy causes of action under 42 U.S.C. § 1985 are dismissed with leave to

15    amend.[6]

16    **III.    State Claims**

17         Defendants argue that plaintiffs' state law claims should be dismissed for failure to exhaust

18    administrative remedies. Under "well settled" California law, "[i]n general, a party must exhaust

19    administrative remedies before resorting to the court." *Williams & Fickett v. County of Fresno*, 2

20    Cal. 5th 1258, 1267–68 (2017) (quoting *Coachella Valley Mosquito & Vector Control Dist. v. Cal.*

21    *Pub. Emp. Rels. Bd.*, 35 Cal. 4th 1072, 1080 (2005)). "[W]here an administrative remedy is

22    provided by statute, relief must be sought from the administrative body and this remedy exhausted

23    before the courts will act." *Abelleira v. Dist. Ct. of Appeal*, 17 Cal. 2d 280, 292 (1941). The City

24

25

26    _____

27    [6] Dr. Adeeb appears to have miscited a case in alleging his civil conspiracy causes of action. *See*
FAC 40 ¶ 5 (citing *Sephery-Falzone v. Rice*, 76 F.4th 792 (9th Cir. 2023)). If Dr. Adeeb chooses

28    to file an amended complaint, he should correct the error.

of Marina provides for appeals of nuisance determination in administrative hearings. *See* Marina, Cal., Mun. Code 8.70.100 (2025).

Adeeb has not pleaded that he exhausted his administrative remedies before suing.[7] Adeeb says that he "actively sought administrative relief," including by requesting hearings, and cites paragraphs 136–138 and 198–210 of his amended complaint, as well as Exhibit P.[8]  But Adeeb's amended complaint does not have paragraphs with those numbers. Moreover, Exhibit P purports to be only a January 13, 2025, appeal from a July 17, 2024, administrative citation as well as a November 14, 2024, appeal from an October 11, 2024, civil citation. Regardless of what precisely these documents are, they do not show that Adeeb appealed his January 27, 2025 stop-work notice, the citations, permit revocations, and rejected engineering reports he claimed he experienced in the weeks thereafter, or the February 2025 red tag for his bathroom or kitchen at 235 Reindollar Avenue. Adeeb's opposition brief also does not establish where in his amended complaint he pleaded that he exhausted administrative remedies.

Adeeb makes several arguments as to why he should be excused from having to exhaust his administrative remedies, but none of those arguments succeed.

First, Adeeb argues that "[e]ven if exhaustion applied to state-law claims, it was excused by futility." Adeeb asserts that his pleadings and declarations establish his "repeated, timely efforts to appeal and resolves these issues administratively." In addition to citing the amended complaint generally, he also cites paragraph 4 through 9 of an attached declaration. *See* Dkt. 25-1. But those paragraphs detail Adeeb's challenge of a September 2024 citation, which is a different administrative citation than the ones he alleges as the bases for his causes of action. While futility

---

[7] As the City notes, the California Tort Claims Act, which requires a plaintiff to present his claim to a state agency before suing that agency for damages, may apply to at least some of Adeeb's state law claims. *See Perez v. Golden Empire Transit Dist.*, 209 Cal. App. 4th 1228, 1233–34 (2012). Because Adeeb's failure to exhaust administrative remedies is dispositive for purposes of the current motion, the Court need not consider whether the Tort Claims Act provides a separate basis for dismissing any of the state law claims.

[8] Adeeb cites *Mercedes Benz of N. Am. v. U.S. Dist. Ct.*, 718 F.2d 208, 212 (9th Cir. 1983), in support of his argument that his alleged facts "show procedural obstruction." But *Mercedes Benz* does not appear to exist as a case, and a Westlaw and Google Search do not produce a Ninth Circuit opinion with that caption. *See also* Reply, Dkt. 27, at 3.

1    can excuse exhaustion, the plaintiff must show that the agency has declared how it will rule on

2    their specific case. *Coachella Valley Mosquito & Vector Control Dist.*, 35 Cal. 4th at 1080–81.

3    Adeeb has not pleaded how exactly Marina would rule on his appeals from the citations at issue in

4    this lawsuit.

5         Adeeb also alleges four facts purportedly showing that he "diligently sought administrative

6    review but was systematically obstructed." But those four allegations all cite paragraphs that do

7    not clearly correspond to paragraph identifiers in the amended complaint or cite paragraphs that do

8    not support the facts alleged. Accordingly, Adeeb's complaint appears not to contain—and he has

9    not identified—any pleaded allegations establishing that he "diligently sought administrative

10   review but was systematically obstructed."

11        Adeeb also notes, accurately, that exhaustion of state administrative remedies "is not

12   required for § 1983 claims." *See Patsy v. Board of Regents*, 457 U.S. 496, 516 (1982). But

13   defendants argue that the requirement that Adeeb exhaust his state administrative remedies

14   precludes only his *state law* claims, not his § 1983 claims.

15        Because Adeeb has not pleaded that he exhausted his administrative remedies or was

16   excused from doing so, his state law causes of action are dismissed with leave to amend. Counts 1,

17   2, 3, 8, 9, and 16 are dismissed as to the state causes of action, and Counts 4, 11, 13, and 17 are

18   dismissed entirely.

19                              **CONCLUSION**

20        For the foregoing reasons, the federal causes of action under Counts 1, 2, 3, 5, 6, 7, 8, 9,

21   16, 18, 20, and 21 are dismissed for failure to state a claim. The state causes of action in Counts 1,

22   2, 3, 4, 5, 8, 9, 11, 13, 16, and 17 are dismissed for failure to exhaust administrative remedies

23   under state law. Counts 10, 12, 15, and 19 against the City of Marina are dismissed with leave to

24   amend for failure to adequately allege *Monell* liability.[9] Adeeb must file any amended complaint

25   within 28 days of this Order. Failure to file an amended complaint will result in the dismissal with

26   prejudice of all claims.

27   _____

28   [9] Adeeb's amended complaint does not list a fourteenth cause of action.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: January 2, 2026

_____
P. Casey Pitts
United States District Judge